1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JEAN RIKER,                      )
                                     )     2:06-cv-1814-GEB-KJM
12              Plaintiff,           )
                                     )
13        v.                         )     STATUS (PRETRIAL
                                     )     SCHEDULING) ORDER
14  W2005/FARGO HOTELS (POOL C)      )
    REALTY, L.P., a Delaware Limited )
15  Partnership,                     )
                                     )
16              Defendant.[1]        )
    _____)
17

18            The status (pretrial scheduling) conference scheduled for

19  November 20, 2006, is vacated since the parties' Joint Status Report

    ("JSR") indicates that the following Order should issue.
20
                         DISMISSAL OF DOE DEFENDANTS
21
              Since Plaintiff has not justified Doe defendants remaining
22
    in this action, Does 1 through 50 are dismissed.  See Order Setting
23
    Status (Pretrial Scheduling) Conference filed August 15, 2006, at 2
24
    n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in
25
    the Joint Status Report a date by when the identities of any "Doe"
26

27  _____

28        [1]   The caption has been amended according to the voluntary
    dismissal filed September 26, 2006, and the Dismissal of Doe Defendants
    portion of this Order.

                                     1

1  defendants are expected to be discovered, the claims against Doe

2  defendants would be deemed abandoned and a dismissal order would

3  follow).

4  <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>[2]

5       No further service, joinder of parties or amendments to

6  pleadings is permitted, except with leave of Court, good cause having

7  been shown.

8  <u>DISCOVERY</u>

9       In the JSR, the parties state they "desire to work towards

10 settlement of this matter without incurring excessive costs and

11 therefore propose that expert disclosures not be required until the

12 end of discovery." (JSR at 3.)  Since the discovery deadlines set

13 herein provide ample time for the parties to attempt settlement, the

14 parties' request is denied.

15       All discovery shall be completed by September 19, 2007.  In

16 this context, "completed" means that all discovery shall have been

17 conducted so that all depositions have been taken and any disputes

18 relative to discovery shall have been resolved by appropriate orders,

19 if necessary, and, where discovery has been ordered, the order has

20

21 ──────────────

22       [2]   Plaintiff's statement in the JSR that she "may file an amended
   complaint identifying previously undiscovered barriers after a formal
   site inspection and if necessary, expects this to be completed by
23 December 31, 2006[,]" is too confusing and imprecise to avoid imposition
   of the "good cause" standard.  Specifically, the words "if necessary"
24 connote that Plaintiff may not do anything.  "Parties anticipating
   possible amendments . . . have an 'unflagging obligation' to alert the
25 Rule 16 scheduling judge of the . . . timing of such anticipated
   amendments in their status reports so that the judge can consider
26 whether such amendments may properly be sought solely under the Rule
   15(a) standard, and whether structuring discovery pertinent to the
27 parties' decision whether to amend is feasible."  <u>Jackson v. Laureate,</u>
   <u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).
28

                                    2

been complied with or, alternatively, the time allowed for such compliance shall have expired.[3]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before April 19, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before May 21, 2007.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be November 19, 2007, at 9:00 a.m.[4]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf. Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

---

[3] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[4] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1          (1)   The Court is presented with newly discovered evidence

2    that could not reasonably have been discovered prior to the filing of

3    the party's motion or opposition papers;

4          (2)   The Court committed clear error or the initial decision

5    was manifestly unjust; or

6          (3)   There is an intervening change in controlling law.

7    A motion for reconsideration based on newly discovered evidence shall

8    set forth, in detail, the reason why said evidence could not

9    reasonably have been discovered prior to the filing of the party's

10   motion or opposition papers.  Motions for reconsideration shall comply

11   with Local Rule 78-230(k) in all other respects.

12         The parties are cautioned that an untimely motion

13   characterized as a motion in limine may be summarily denied.  A motion

14   in limine addresses the admissibility of evidence.

15                        FINAL PRETRIAL CONFERENCE

16         The final pretrial conference is set for January 14, 2008,

17   at 1:30 p.m.  The parties are cautioned that the lead attorney who

18   WILL TRY THE CASE for each party shall attend the final pretrial

19   conference.  In addition, all persons representing themselves and

20   appearing in propria persona must attend the pretrial conference.

21         The parties are warned that non-trialworthy issues could be

22   eliminated sua sponte "[i]f the pretrial conference discloses that no

23   material facts are in dispute and that the undisputed facts entitle

24   one of the parties to judgment as a matter of law."  Portsmouth Square

25   v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

26         The parties shall file a JOINT pretrial statement with the

27   Court not later than seven (7) days prior to the final pretrial

28

conference.[5]  The joint pretrial statement shall specify the issues
for trial.  The Court uses the parties' joint pretrial statement to
prepare its final pretrial order and could issue the final pretrial
order without holding the scheduled final pretrial conference.  See
Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
requirement that the court hold a pretrial conference.").  The final
pretrial order supersedes the pleadings and controls the facts and
issues which may be presented at trial.  Issues asserted in pleadings
which are not preserved for trial in the final pretrial order cannot
be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
pretrial order are eliminated from the action."); Valley Ranch Dev.
Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
issue omitted from the pretrial order is waived, even if it appeared
in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
(D.D.C. 1995) (refusing to modify the pretrial order to allow
assertion of a previously-pled statute of limitations defense);
Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
(indicating that "[a]ny factual contention, legal contention, any
claim for relief or defense in whole or in part, or affirmative matter
not set forth in [the pretrial statement] shall be deemed . . .
withdrawn, notwithstanding the contentions of any pleadings or other
papers previously filed [in the action]").

_____

[5]     The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

1       If possible, at the time of filing the joint pretrial

2  statement counsel shall also email it in a format compatible with

3  WordPerfect to: geborders@caed.uscourts.gov.

4                          TRIAL SETTING

5       Trial is set for April 8, 2008, commencing at 9:00 a.m.

6                          MISCELLANEOUS

7       The parties are reminded that pursuant to Federal Rule of

8  Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

9  **not be modified except by leave of Court upon a showing of good cause.**

10 **Counsel are cautioned that a mere stipulation by itself to change**

11 **dates does not constitute good cause.**

12      IT IS SO ORDERED.

13 Dated:  November 15, 2006

14

15                    _____
                      GARLAND E. BURRELL, JR.
16                    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28